UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 05-61363-CIV-COOKE/BROWN

ANDRE JOHNSON,

    Plaintiff,

v.

AMERUS LIFE INSURANCE CO.
and RODNEY BROWN,

    Defendants/Third Party Plaintiffs,

v.

ANDRE MELTON,

    Third Party Defendant.
_____/

## ORDER GRANTING THIRD PARTY DEFENDANT ANDRE MELTON'S MOTION TO DISMISS DEFENDANT/THIRD PARTY PLAINTIFFS AMERUS LIFE INSURANCE COMPANY'S AND RODNEY BROWN'S THIRD PARTY COMPLAINTS

**THIS CAUSE** is before the Court upon Third Party Defendant Andre Melton's Motion to Dismiss Defendant/Third Party Plaintiffs Amerus Life Insurance Company's and Rodney Brown's Third Party Complaints (DE 45), filed July 26, 2006.  Defendant/Third Party Plaintiff Amerus Life Insurance Company filed its opposition on August 21, 2006 while Defendant/Third Party Plaintiff Brown filed his opposition on September 12, 2006.  Third Party Defendant Andre Melton filed his replies on September 8, 2006 and September 19, 2006.  The Court having reviewed the Motions finds, for the reasons set forth below, that Third Party Defendant Andre Melton's Motion to Dismiss Defendant/Third Party Plaintiffs Amerus Life Insurance Company's

and Rodney Brown's Third Party Complaints should be granted.

## I. BACKGROUND

### A. THE FIRST PARTY ACTION AGAINST AMERUS AND BROWN

Plaintiff Andre Johnson ("Johnson") is a former University of Miami football player who is currently a wide receiver for the Houston Texans in the National Football League ("NFL"). Compl. at ¶ 7. The underlying facts in this lawsuit concern the Defendants' alleged sale of various insurance products to Johnson prior to his entry into the NFL. In his Complaint, Johnson alleges that he met Defendant Rodney Brown ("Defendant Brown" or "Brown") in March of 2003. According to Johnson, at the time of the meeting, Defendant Brown represented to him that he was a licensed agent of Defendant AmerUs Life Insurance, Co. ("Amerus"). Id. at ¶ 8. Johnson alleges that at this meeting Defendant Brown recommended that Johnson purchase a term life insurance policy in the face amount of $2 million (the "Term Policy"). Id. at ¶ 9. Johnson alleges that in July 2003, Defendant AmerUs — through its agent Defendant Brown — approached him again and represented that AmerUs had an investment plan that was specifically designed for professional athletes. Id. at ¶ 10. According to Johnson, Defendant Brown represented that this investment plan would ensure that Johnson was properly insured and that all of his investment and retirement needs would be taken care of through this plan. Id. Johnson alleges that Defendant Brown advised him to cancel the Term Policy and replace it with two new policies – one policy being a fixed premium life insurance policy with a face amount of $25,618,804.00 (the "Fixed Premium Policy") and the other being a limited payment whole life insurance policy with current interest in the face amount of $18,000,000.00 (the "Limited

Payment Whole Life Policy"). Id at ¶ 12. According to Johnson, the Defendants justified his purchase of the policies on the grounds that these two new policies were part of a comprehensive financial plan and retirement plan. Id. Specifically, Johnson alleges that the Defendants represented to him that these two policies would: 1) provide him with significant income after his NFL career ended; 2) the payments to fund the policies would be limited in light of the investment value they would provide later on in life; 3) he would be able to fund the policies during his career as an NFL football player using only a small portion of his yearly salarly; and 4) these policies were ideal for retirement savings because of the plans' alleged tax advantages. Id. at ¶ 13. Johnson avers that these alleged representations were patently false and were made to induce him into purchasing insurance he did not need. Id. According to Johnson, at the time of the July 2003 meeting he was twenty-two years old, single, and without dependents. Id.

Johnson avers that in reliance on the alleged misrepresentations he executed the Fixed Premium Policy and the Limited Whole Payment Life Policy while in training camp in Texas. Id. at ¶ 14. According to Johnson, the annual payment on the Fixed Premium Policy is $175,000.00 per year and the annual payment for the Limited Payment Whole Life Policy is in excess of $200,000 per year. Id. at ¶ 15. Johnson alleges that the two policies contemplate annual payments totaling more than $375,000.00 well after his NFL career ends. Id. Further, Johnson alleges that the policies had little to no cash value in the early years and no tax advantage over many other retirement options because the premiums are paid with after tax dollars. Id. Moreover, Johnson alleges that the Defendants knew or should have known that Johnson would be eligible for a pension plan offered to NFL players, which made the offering of $43 million in insurance policies inappropriate. Id. at ¶ 16. Finally, Johnson alleges that the

Defendants lied to him and took advantage of their superior knowledge to receive large commissions on the sale of the insurance policies.  Id.

### B.    THE THIRD PARTY ACTIONS AGAINST ANDRE MELTON

Brown and Amerus (the "Third Party Plaintiffs"), separately, filed two Third Party Complaints on July 6, 2006.  The allegations contained within the two Third Party Complaints are very similar, consequently, for the sake of brevity the Court will summarize the allegations collectively.  The Third Party Complaints allege that Andre Melton ("Melton") served as Johnson's financial adviser during the relevant time period for this suit.  The Third Party Plaintiffs contend that in his capacity as Johnson's financial adviser, Melton made material misrepresentations to the Third Party Plaintiffs regarding the financial condition, financial objectives, and life insurance needs of Johnson.  Moreover, the Third Party Plaintiffs aver that they are now embroiled in litigation due to Melton's alleged false and negligent material misrepresentations.  Consequently, the Third Party Plaintiffs assert that if they are found liable for the claims alleged in Johnson's Complaint then they have a right to contribution against Melton for his alleged negligent misrepresentations concerning Johnson's financial condition, life insurance needs, and financial objectives.  Thus, the Third Party Complaints assert claims for negligent misrepresentation and contribution against Melton for his alleged role in the sale of the life insurance products.

### II.    PROCEDURAL POSTURE

Third Party Defendant Andre Melton filed his Motion to Dismiss Defendant/Third Party Plaintiffs Amerus Life Insurance Company's and Rodney Brown's Third Party Complaints on July 26, 2006.  Third Party Plaintiff Amerus Life Insurance Company filed its opposition on

August 21, 2006.  Similarly, Third Party Plaintiff Brown filed his opposition on September 12, 2006.  Third Party Defendant Andre Melton filed his replies on September 8, 2006 and September 19, 2006.  Consequently, Third Party Defendant Andre Melton's Motion to Dismiss Defendant/Third Party Plaintiffs Amerus Life Insurance Company's and Rodney Brown's Third Party Complaints is ripe for adjudication.

### III.   MOTION TO DISMISS STANDARD

"[W]hen considering a motion to dismiss, the court must accept all allegations of fact as true and should only dismiss when it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proven in support of his claim." Solis-Ramirez v. U.S. Dept. of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985) (citing Holt Civic Club v. City of Tuscaloosa, 439 U.S. 60, 65-66 (1978)).  See Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).  A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir.1993).  However, "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47-48 (1957).

### IV.   ANALYSIS

In his Motion, Melton argues that the Third Party Complaints should be dismissed because: (1) the Third Party Plaintiffs failed to plead their negligent misrepresentation claims

with sufficient particularity; and (2) their contribution claims fail since the negligent misrepresentation claims are deficient for lack of particularity.[1]  Because the Court finds that the negligent misrepresentation claims fail for lack of specificity the Court will not address Melton's contention concerning the contribution claims.

Pursuant to Federal Rule of Civil Procedure 9(b) "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b).  "This Rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior. " Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1370-71 (11th Cir. 1997) (citations omitted).  Rule 9(b) may be satisfied if the complaint sets forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making certain statements); (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud. Id. at 1371.  It should be noted, however, that Rule 9(b) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a plaintiff to plead only a short, plain statement of the grounds upon

---

[1]In their oppositions, the Third Party Plaintiffs directed this Court to analyze certain deposition testimony, which purportedly supports their contentions and shows that Melton's attorneys had ample opportunity to clarify the claims in the Third Party Complaints.  As a general rule, however, a court must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint.  Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005).  The deposition testimony in question is outside of the Third Party Complaints.  Moreover, it would be inappropriate to convert Melton's Motion to Dismiss into a motion for summary judgment at this juncture.  Therefore, the Court will not consider the deposition testimony in question.

which he is entitled to relief.  Id.

In Florida, an "action for negligent misrepresentation sounds in fraud rather than negligence."  Souran v. Travelers Ins. Co., 982 F.2d 1497, 1511 (11th Cir.1993) (citations omitted).  Hence, Rule 9(b)'s pleading requirements apply to actions involving claims for negligent misrepresentation.  See Harrison Enterprises, Inc. v. Moran, No. 97-4362, 1999 WL 1211753, at *3 (S.D. Fla. Aug. 30, 1999) (recognizing that under Florida law, "an action for negligent misrepresentation sounds in fraud rather than negligence," and therefore the pleading requirements of Rule 9(b) apply); Morgan v. W.R. Grace & Co., 779 So.2d 503, 506 (Fla. Dist. Ct. App. 2000) (negligent misrepresentation, like fraud, must also be pled with specificity); Philip J. Padovano, FLORIDA PRACTICE SERIES CIVIL PRACTICE: RULES OF PLEADING § 7.7 (5th ed. 2007).

In the case at bar, the Third Party Plaintiffs' claims for negligent misrepresentation are not alleged with sufficient particularity to satisfy Rule 9(b).  In relevant part, Amerus' Third Party Complaint states:

> MELTON, Andre Johnson's financial adviser, met with Rodney Brown and communicated with him on multiple occasions in 2003 regarding the investment goals and needs of Andre Johnson.  He represented to Rodney Brown that Andre Johnson wanted to purchase AMERUS life insurqance policies numbered AB01226320 and AB01272000 . . . MELTON made material misrepresentations to AMERUS regarding the finacial condition, financial objectives and life insurance needs of Andre Johnson . . . If the policies numbered AB01226320 and AB01272000 were inappropriate investments for Andre Johnson, MELTON, as Andre Johnson's financial advisor, either knew they were inappropriate or should have known they were inappropriate.  If they were not suitable for Andre Johnson, that information should have been communicated to Rodney Brown and Amerus.  Instead, MELTON expressed his satisfaction that the policies were suitable investments and recommended that Andre Johnson purchase the policies.

Amerus Third Party Compl. at ¶¶ 11,18, and 20.  Similarly, Brown's Third Party Complaint

states:

> ANDRE MELTON made representations concerning ANDRE JOHNSON's situation, including but not limited to representations that ANDRE JOHNSON wished to made [sic] life insurance a portion of his overall investment plan. Based upon the representations made by ANDRE MELTON, RODNEY BROWN made a number of recommendations concerning ANDRE JOHNSON's structure of his financial affairs, including but not limited to recommendations concerning the two life insurance policies at issue. Based upon the allegations of the rpesent lawsuit and the testimony in deposition of ANDRE JOHNSON, the representations made by ANDRE MELTON were incorrect, and did not accurately reflect the facts. As ANDRE JOHNSON's personal advisorm, ANDRE MELTON either knew or should have known that the representations were not correct when they were made.

Brown Third Party Compl. at ¶¶ 6-10. These allegations are vague and conclusory. Moreover, they fail to set forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each alleged statement; (3) the content of the alleged statements; and (4) what Melton obtained as a consequence of the alleged misrepresentations. Thus, these averments fail to assert the basic contours of the Third Party Plaintiffs' negligent misrepresentation claims and fail to provide Melton with adequate notice of the claims. Consequently, the Court finds that the Third Party Complaints fail to comply with Rule 9(b) of the Federal Rules of Civil Procedure. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Third Party Defendant Andre Melton's Motion to Dismiss Defendant/Third Party Plaintiffs Amerus Life Insurance Company's and Rodney Brown's Third Party Complaints is **GRANTED**.

2. Amerus' Third Party Complaint against Melton is **DISMISSED WITHOUT PREJUDICE**. Defendant Amerus may re-file its Third Party Complaint, however, Amerus is cautioned that the re-filed Third Party Complaint must comply with Rule 9(b) of the

Federal Rules of Civil Procedure.

3. Similarly, Brown's Third Party Complaint against Melton is **DISMISSED WITHOUT PREJUDICE**. Defendant Brown may re-file his Third Party Complaint, however, Defendant Brown is advised that the re-filed Third Party Complaint must comply with Rule 9(b) of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of December, 2006.

_____
MARCIA G. COOKE
United States District Judge

*Copies furnished to:*

*All Counsel of Record*